Steven W. Ritcheson (SBN 174062)
**INSIGHT, PLC**
578 Washington Blvd. #503
Marina del Rey, California 90292
Telephone: (424) 289-9191
Facsimile: (818) 337-0383
Email:  swritcheson@insightplc.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUM VECTOR DYNAMICS LLC, a Texas limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>DREAME TECHNOLOGY USA, INC., a Delaware corporation,<br><br>            Defendant. | Case No. **'26 CV 2497 GPC SBC**<br><br><br>**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

Plaintiff Optimum Vector Dynamics LLC (the "Plaintiff" or "OVD") files this Complaint against Defendant Dreame Technology USA Inc. (hereinafter, "Defendant" or "Dreame"), and in support hereof shows unto the Court the following:

## PARTIES

1.      Plaintiff Optimum Vector Dynamics LLC is a Texas limited liability company with its principal place of business located at 5900 Balcones Dr., Suite 100, Austin, TX 78731.

2.      Defendant Dreame Technology USA Inc. is a Delaware corporation with its principal address located at 4545 La Jolla Village Dr., Suite C4, San Diego, CA 92122 and has other retail locations within California, including Arcadia, Los Angeles and Santa Clara.  *See* Dreame's website at https://www.dreametech.com/pages/where-to-buy.  Dreame may be served with Summons and a copy of this Complaint by delivering the same to its registered agent, IAN Financial Group, 15335 Fairfield Ranch Rd., Suite 200, Chino Hills, CA 91709.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 101 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285, and the Lanham Act 15 U.S.C. §§ 1051 *et seq*.  Accordingly, this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1121 and 35 U.S.C § 281.  This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5.      This Court has personal jurisdiction over Defendant because:  Defendant has minimum contacts within the State of California and in the Southern District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Southern District of California; Defendant

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

has sought protection and benefit from the laws of the State of California; Defendant regularly and continuously conducts business in this District and have infringed and/or induced infringement, and continue to do so, in this District and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California and in the Southern District of California. In addition, this Court has personal jurisdiction over Defendant because minimum contacts have been established with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

6.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of California, and the Southern District of California. Defendant has committed patent infringement in the State of California and in the Southern District of California.  Defendant solicits customers in the State of California and in this District. Defendant has customers who are residents of the State of California and this District and who use Defendant's product(s) in the State of California and in this District.

### THE ACCUSED PRODUCT

7.      This case involves claims of patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq.* based on Defendant's making, use, offering for sale and sales of its intelligent robotic vacuums and lawnmowers with app integration and smart mapping technology (collectively and/or individually, the "Dreame Accused Products"). Specifically, the Dreame Accused Products may include one or more of the following exemplary products and may use Dreame Smart Pathfinder Technology:

- X Series (X60 Max Ultra Complete), X50 Ultra, X40 Ultra/X40 Master, X30 Ultra);

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

- L Series  (L50 Ultra, L40 Ultra, L40s Ultra, L10s Ultra and L10s Ultra Gen 2, L10s Pro Ultra and L10s Pro Ultra Heat, L10s Plus and L10s Pro Gen 2);
- D series robot vacuums (D30 Ultra, D20 Plus, D20 Pro Plus, and D10 Plus Gen 2);
- Matrix and Aqua robot vacuums
- Mova robotic lawnmowers and robot vacuums
- A1 and A2 robot lawnmowers

8.    The Dreame Accused Products are vacuum devices and/or mowers that have both advanced automatic mapping capabilities and/or app integration via the Dreamehome app.

## THE PATENT-IN-SUIT

9.    OVD is the assignee of United States Patent No. 8,649,971 ("Patent-in-Suit" or "'971 Patent"), entitled *"Navigation Device"* that issued on February 11, 2014 and possesses all right, title, and interest in the Patents-in-Suit, including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages, as described below.

10.    The '971 Patent was duly and legally issued by the United States Patent and Trademark Office after full and fair examination and thus is presumed valid. Moreover, the '971 Patent was the subject of an *inter partes* review of claims 1-4, 7-12, 14, 16-17 and 19. The Decision Denying Institution of *Inter Partes* Review was filed May 16, 2024.

11.    As of May 31, 2025, in an Assignment of Patent Rights, OVD is the owner of all rights, title and interest in the '971 Patent, among other patents. The Assignment also allows OVD to collect past damages prior to that date.

12.    Upon information and belief, the Patent-in-Suit is identified in multiple issued patents as prior art and thus sets a benchmark for new inventions in the field of

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

vehicle navigation. Such patents include at least U.S. Patent Nos. 9,109,899 and 11,391,591.

13.    The Patent-in-Suit claims specific technological improvements to the way existing vehicle navigation and control systems and subsystems operate and is not a mere computerization of a mental process. Instead, the claimed technology improves specific vehicle and computer technology and physically changes vehicle systems and subsystems such that the claimed inventions are not directed to an abstract idea. Moreover, the Patent-in-Suit does not preempt the field of vehicle navigation and control systems.

14.    Upon information and belief, pursuant to publicly available information, navigation systems at or about the time of the invention were found to be technologically deficient because, *inter alia*, the systems would not allow waypoints to be skipped. See, e.g., https://forums.garmin.com/apps-software/mac-windows-software/f/basecamp-windows/63324/nuvi-550-help-how-do-you-skip-a-waypoint#:~:text=So%20I%20was%20riding%20my,us%20to%20the%20next%20point. The inventions of the Patent-in-Suit solved this problem.

15.    The Patent-in-Suit introduces a novel feedback loop—detecting deviation, notifying the user, receiving input, and conditionally rerouting. This is not a generic application of vehicle navigation and control system technology; it is a new control mechanism with real-world effects that improves the operation of vehicle navigation and control devices themselves.

16.    Specifically, for example and not by way of limitation, the Patent-in-Suit teaches that the navigation and control device of the claimed invention is configured in such a way as to, when determining that a vehicle has deviated from a route leading to the first next waypoint to a predetermined distance or more and is traveling along a route after the first next waypoint, *output a waypoint passage selection message*

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

showing that the vehicle has deviated from the route, *and issue a command indicating whether or not to pass via the first next waypoint in response* to this waypoint passage selection message. See, e.g., col. 11 lines 16 to 29. Therefore, the navigation device enables the user to determine how to handle whether to pass via the first next waypoint according to the user's own will when the vehicle has deviated from the route. Id.; Fig. 6-1 (including, e.g., steps ST30 and ST31, whereby waypoints are automatically changed and new waypoints set according to both the state of the vehicle and the already-set search conditions).

17.    The Patent-in-Suit specifically discloses and claims that the invention includes an "output unit" for "outputting" messages showing a vehicle's deviation from a route, which is used in conjunction with an "input unit" that is used to "input[] [a] command indicating whether or not to travel" via the next waypoint, thereby causing changes to the vehicles subsystems including at least the steering subsystem and the braking subsystem, which are utilized to change / correct a designated route. See, e.g., claim 1. Moreover, the claimed inventions of the Patent-in-Suit offer specific solutions to a technical problem (how to maneuver a vehicle around an obstacle along a predefined route with multiple waypoints) and improve computer functionality by causing a vehicle to physically navigate around obstacles while still reaching the desired destination in a new, user-friendly way. See, e.g., col. 2, lines 15 to 27; col. 4, lines 14 to 17; Fig. 6-1 (including, e.g., steps ST30 and ST31, whereby waypoints are automatically changed and new waypoints set according to both the state of the vehicle and the already-set search conditions). This can include automatically changing real world waypoints and varying a route in response to a user selection. See, e.g., col. 9, lines 46 to 56; col. 10, lines 20 to 28; Fig. 6-1 (including, e.g., steps ST30 and ST31, whereby waypoints are automatically changed and new waypoints set according to both the state of the vehicle and the already-set search conditions). The claimed specific

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

combination of hardware and software thus work in concert to improve vehicle navigation and control technology.

18.    Such improvements have been acknowledged as novel and non-obvious by the Patent and Trademark Office and the Patent Trial and Appeal Board. For example, the original Examiner stated in the Reasons for Allowance (emphasis added) that:

> the prior arts of record fail to teach, make obvious, or suggest, a navigation device and method comprising, among other limitations, outputting a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading, when a route guidance until determining that the vehicle has deviated from the route to a predetermined distance or more, and is traveling along a route after said first next waypoint[,] ***and inputting a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit***.

19.    Similarly, in Denying Institution of *Inter Partes* Review, the Administrative Patent Judges found that additional prior art references failed to teach or render obvious the output unit limitations, which confirmed the inventiveness of the improvements of the claimed invention, including the output unit, over the technology of the prior art. The inventions claimed and disclosed in the Patent-in-Suit thus were not "well-understood, routine, and conventional" at the time of the application, although they subsequently have been embraced by navigation and control system providers, including the Defendant.

20.    In addition, the Patent-in-Suit discloses and claims additional improvements to the efficiency of existing technology, including eliminating redundancies, improving system efficiency, and reducing storage requirements. See, e.g., col. 9, lines 7 to 23; claims 1 to 19. These include, but are not limited to, deleting messages sent by the output unit and re-searching for a whole new route. See, e.g., claims 2, 9, and 10. The claimed invention further improves system efficiencies by presenting the opportunity to avoid unnecessary waypoints on a route of travel by using

---

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

the disclosed and claimed inventions. See, e.g., claim 16. Such improvements, and others disclosed in the Patent-in-Suit, comprise inventive concepts under both PTO guidelines and well-settled case law.

21.     The claimed inventions are thus not directed to an abstract idea but, in any event, also include inventive, nonobvious concepts that are sufficient to transform any abstract idea into a patent-eligible concept.

## COUNT I
## Patent Infringement (U.S. Patent No. 8,649,971)

22.     Plaintiff re-alleges and incorporates by express reference the preceding Paragraphs as if fully restated and set forth herein.

23.     United States Patent No. 8,649,971 (hereinafter, the "'971 Patent") was duly and legally issued by the USPTO on February 11, 2014, to its inventor Hiroshi Machino and was initially assigned to Mitsubishi Electric Corporation.  Attached hereto as **Exhibit A** is a true and correct copy of the '971 Patent and is incorporated herein by express reference.

24.     Defendant has infringed and continues to infringe the '971 Patent either literally or under the doctrine of equivalents through the use, sale, and/or offer for sale of its Dreame Accused Products, which are robotic vacuum cleaners, among other features, that practices the claims of the '971 Patent and/or for inducing and/or contributing to the infringement by its customers.  More specifically, Defendant has infringed and continues to infringe one or more claims of the '971 Patent, including at least Claim 1, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Product so as to induce and/or contribute to its customers into utilizing or use of the Accused Product.  Specifically, the Defendant has infringed the '971 Patent because its Accused Product unlawfully uses the inventions disclosed in the '971 Patent Claims.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

25. Claim 1 discloses the following:

> 1. A navigation device comprising:
> a setting unit configured to set waypoints and a destination;
> a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit;
> a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit;
> an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint; and
> an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit.

*See* Ex. A at Claim 1.

26. The Dreame Accused Products, specifically the exemplary Dreame X50, are a "navigation device" that has "unmatched freedom with advanced features like effortless obstacle climbing and navigation, extensive coverage, and smart automation." See https://global.dreametech.com/products/x50-ultra.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

 

27.    As claimed in Claim 1(a) of the '971 Patent, the Dreame Accused Products include "a setting unit configured to set waypoints and a destination."  Specifically, the Dream X50 has a fast mapping mode.



https://cdn.shopify.com/s/files/1/0302/5276/1220/files/R2489_X50_Ultra_Series_EN _DE_FR_IT_ES_PL_NL_NO_SV.pdf?v=1737615984 at page 17.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



https://www.dreametech.com/products/x50-ultra-robot-vacuum.

Dreame explains how mapping is possible using the X40 (similar) vacuum in its general FAQ page:

https://support.dreametech.com/hc/en-us/articles/10385340304271-Navigating-Multi-Floor-Maps-with-Ease.



**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

https://www.youtube.com/watch?v=zA-q9hc_Cyc at 0:22.

No go zones and other obstacles can be mapped as well:



https://www.youtube.com/watch?v=zA-q9hc_Cyc at 3:05.



https://www.youtube.com/watch?v=Q8yIdW3uoTE at 4:16.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

The Dreame Accused Products, including X50, has a map display and a user may set an overall map, including no go zones.

Within each map, an internal route may be set which determines the pattern in which the device will travel within each zone in the map. After the device has created a map (and a user has optionally edited the map with additional zones or no go zones), a route within each map is set prior to the device beginning its traversal of waypoints.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



In addition to the route, the device includes a setting which further adjusts waypoints within each map and zone.  The device may be instructed to reduce collisions with walls and may also be instructed to clean along the floor direction.

28.    As claimed in Claim 1(b) of the '971 Patent, the Dreame Accused Products include: "a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit."

29.    The Dream X50 can prioritize paths in a certain order per its officially sponsored video:

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



https://www.youtube.com/watch?v=Q8yIdW3uoTE at 4:38.

The Dreamehome app shows the 1) scheduled cleanup 2) device settings and 3) notifications about the device's settings.



https://cristalino-serv.co.il/wp-content/uploads/2024/09/Dreamehome_App_Guide.pdf at page 13.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

A fast mapping mode is evidence that a route may be created.  Different routes may be selected in the Room, All, or Zone functions which are selectable by a user.

A map may be created in real time during an initial navigation phase by the device.



30.     As claimed in Claim 1(c), the Dreame Accused Products include "a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit."

31.     The Dreame Accused Products, including the X50, can be set up to clean various zones in a particular order:



https://www.youtube.com/watch?v=zA-q9hc_Cyc at 5:39.

The Dreamehome app allows for specific cleaning modes to be set as well as customized cleaning modes:



https://cristalino-serv.co.il/wp-content/uploads/2024/09/Dreamehome_App_Guide.pdf at page 14.

No go zones and customized zone selection are further available:



https://cristalino-serv.co.il/wp-content/uploads/2024/09/Dreamehome_App_Guide.pdf at page 16.

After a map has been created, a user may modify it prior to the device setting off on the route. The device automatically labels rooms based on an internal AI algorithm. Upon information and belief, the unit's camera assists it in determining the types of rooms it is encountering.



**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

Within each route, the user interface requests that a user may further adjust the map and route based on thresholds detected. The thresholds may include passable and impassable thresholds determined by the device.



To begin cleaning, customized or quick cleaning options are available.



Specific areas to clean may be entered into the unit.  This includes zones to clean within each route and may include no go zones.

32.    As claimed in Claim 1(d), the Dreame Accused Products include, upon information and belief, "an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint."

33.    The Dreame Accused Products will skip an area if the area is blocked.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



https://dreameservice.zendesk.com/hc/en-us/articles/11770173943183-Solving-The-Problem-Of-Incomplete-Robot-Mapping-Or-Missing-A-Certain-Area

The app has several notification capabilities.  Although during setup, this is instructive of a type of notification that can be configured using the app:

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____



https://www.youtube.com/watch?v=zA-q9hc_Cyc at 4:14

When tasks are complete, the app will provide notifications:



https://www.youtube.com/watch?v=Q8yIdW3uoTE at 8:45.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

The device's real time camera may be used to take photos of obstructions once it is determined that a waypoint has been missed due to an obstruction.

As the unit proceeds along its route, after a period of deviations from the route, it will detect one of a variety of obstructions and mark the map.  Notably, the unit does not only use its camera to scan the area and note all possible obstructions.  It is only when the unit is traversing its route and encounters obstacles after a certain period of time that it marks these obstructions.  The unit may also optionally take photos of the obstructions.  When a user clicks on the newly formed icon, it may see the type of obstruction and the photo (if photos are enabled).

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

Even prior to a user clicking on the newly created icon, a message appears explaining what the new icon is. Below, "cord like items" were detected. At this point, a user may optionally pause or end the area, add an extra cleaning area, or exclude a cleaning area. A user may also click on the actual icon to see more details regarding the message.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

Optionally, a notification that the battery level if too low triggers an output message to a user.



A further example of a notification is that cleaning may be interrupted, with a prompt to a user to take action.



34.     As claimed in Claim 1(e) of the '971 Patent, the Dreame Accused Products include "an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit."

35.     The Dreame Accused Products, including the X50, can be set to resume work after recharging:



https://dreameservice.zendesk.com/hc/en-us/articles/1177O176486287-Why-Didn-t-My-Robot-Continue-Cleaning-After-Recharging

The X50 has a live video monitoring mode that will notify the user verbally as it performs certain steps:



https://www.youtube.com/watch?v=D1cTw0fkmac at 9:48.

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

One condition that causes the X50 to change position is when the battery is low.  When the battery goes below a certain point, it will return to a base station.  This can be set up via the proprietary app.



https://www.youtube.com/watch?v=D1cTw0fkmac at 10:05.

A manual remote control mode allows a user to actually control the device itself:



**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

https://www.youtube.com/watch?v=D1cTw0fkmac at 10:15.

After encountering an obstacle, the user may click on the obstacle icon that appears. Note that this occurs after a waypoint has been missed. The device does not only take photos of all items that may be obstacles that are clearly in its field of vision: it instead actually traverses the route and only after the waypoints are not traversable in the originally intended way will it provide the message below. Critically, a user may send feedback, instruct the device to ignore obstacles, or add additional zones or no zone zones or end cleaning in response.



PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

Below is an example of an action the user may take in response to the message.



The device may even, upon recognizing certain types of obstacles after missing a waypoint, adjust its further waypoints based on similar obstacles.





36.    Defendant has intentionally induced and continues to induce infringement of the '971 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused others to use the Accused Product in an infringing manner.

37.     Upon information and belief, Defendant has had knowledge of Plaintiff and its '971 Patent at least since the filing of the Complaint in this action. This information and belief is based, in part, on the fact that Defendant has acknowledged others invented the methods and devices comprising the Accused Product. Upon information and belief, despite knowledge of the '971 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '971 Patent claims.[1] Such information and believe is based, in part, on instructions provided with the Accused Product and on Defendant's website.

38.     The provision of and sale of Dreame Accused Products provides Defendant with a source of revenue and business focus. Defendant has specifically instructed and intended its customers to use Dreame Accused Products in such a way that infringes the '971 Patent.

39.     Upon information and belief, Defendant knew that its actions, including but not limited to, making the Dreame Accused Products available for sale, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using, the Dreame Accused Products.

40.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

---

[1] See In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1345 (Fed. Cir. 2012); see also Soteria Encryption, LLC v. Lenovo United States, Inc., Case No. CV 16-7958-GW(JPRx), 2017 WL 3449058, *2 (C.D. Cal. Feb. 27, 2017) ("courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for induced infringement.); Labyrinth Optical Technologies, LLC v. Fujitsu America, Inc., Case No. SACV 13-0030 AG (MLGx), 2013 WL 12126111 (C.D. Cal. Aug. 201, 2013) ("The Federal Circuit therefore held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement.").

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

41.     Plaintiff are entitled to recover from the Defendant the damages sustained by Plaintiff as a result of each Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42.     Defendant's infringement of Plaintiff's rights under the '971 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

43.     Plaintiff demands a trial by jury on all issues.

WHEREFORE Plaintiff OVD prays upon this Court for the following relief:

A.     That summons issue and Defendant be served according to law;

B.     That Plaintiff recovers from Defendant all past (at least since the filing of the Complaint and to the full extent permitted by law) and future damages caused by its patent infringement;

C.     An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

D.     An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

E.     An award of damages to be paid by the Defendant adequate to compensate Plaintiff for Defendant's past infringement (at least since the filing of the Complaint and to the full extent permitted by law) and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____

F.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

G.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

H.    Any further relief that this Court deems just and proper.

This 17th day of April, 2026.

**INSIGHT, PLC**

By: */s/* Steven W. Ritcheson
     Steven W. Ritcheson

*Attorney for Plaintiff*

**PLAINITFF'S COMPLAINT FOR PATENT INFRINGEMENT**
Case No. _____